[No. 15547.    Department One.    December 22, 1919.]

JAHN & COMPANY, *Respondent*, v. L. A. WRIGHT *et al.,* *Appellants.*[1]

SALES (144)—REMEDIES OF BUYER—RECOVERY OF PRICE.    Upon a sale of hay to be measured by the buyer, which measurement was fairly made, the buyer is entitled to recover an advance made on the purchase price, where the sellers were at fault in refusing to deliver unless payment was made upon their measurements and claimed a modification of the contract which was not shown to have been made by a person having authority to make any modification.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered April 14, 1919, upon findings in favor of the plaintiff, in an action on contract, tried to the court.    Affirmed.

*F. E. Gordon* and *Grady & Shumate,* for appellants.
*Roberts & Skeel* and *J. J. Geary,* for respondent.

MACKINTOSH, J.—This controversy depends for its determination upon a question of fact, and, in our

[1]Reported in 186 Pac. 262.

opinion, the conclusion reached by the trial court should not be disturbed, as the evidence does not preponderate against it.

On August 12, 1918, the parties entered into a contract for the purchase and sale of a crop of hay grown by the appellants, the contract providing: "this hay we [the respondent] will measure not later than October 25, 1918, and pay for in full at the time of measurement; Frye & Co. rule of measurement." On October 24, the appellants measured the hay and computed the amount as a little in excess of 626 tons. On October 26, the respondent, with the appellants present and assisting, measured the hay and computed the quantity as 578 tons and a fraction. Early in November, the hay was remeasured by disinterested parties secured by the appellants, and that measurement, when computed, showed a tonnage of 624 tons and a fraction. The respondent tendered the amount due according to the measurement taken by it, which was refused, and it then began this action to recover back the $3,000 which had been paid on the contract at the time of its consummation as advance payment. The appellants resisted the claim upon the ground that the hay had not been measured correctly, and that the original contract had been modified, in that an extension of time for payment had been made upon condition that the hay be remeasured by disinterested persons, and set up a counterclaim for damages in the difference between the contract price and the market price at the time of the alleged breach.

The evidence does not warrant the conclusion that there has been any modification of the contract. The person with whom the appellants claim to have entered into the modification agreement is not shown by any evidence to have had any authority to make any modification, if any was attempted to be made. According

to the terms of the contract, the respondent was to purchase the hay upon measurements made by it, and the evidence is satisfactory that such measurement was fairly made, and that the failure to deliver the hay was the fault of the appellants. It would serve no purpose to recite in detail the many facts testified to in regard to the various measurements; but, as above stated, the findings of the trial court are amply supported by the evidence. For that reason, the judgment is affirmed.

HOLCOMB, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.